IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, a/s/o DC PLASTICS, INC. 436 Walnut Street Philadelphia, PA 19106 | : : : : : : : : : | CIVIL ACTION |
| Plaintiff, vs. | : : : : | JURY TRIAL DEMANDED |
| CARLOS G. SANMARTIN, a/k/a SANMARTIN CONSTRUCTION CO. and/or SANMARTIN CONSTRUCTION LIMITED LIABILITY COMPANY 584 Adams Avenue Elizabeth, NJ | : : : : : : : : | |
| Defendants. | : | |

## COMPLAINT

Westchester Surplus Lines Insurance Company, by and through its attorneys, Cozen O'Connor, as and for its Complaint against defendant, Carlos G. Sanmartin, a/k/a SanMartin Construction Co. and/or Sanmartin Construction Limited Liability Company, alleges as follows:

### I. PARTIES

1. Plaintiff, Westchester Surplus Lines Insurance Company ("Westchester Surplus Lines"), is a corporation duly organized and existing under the laws of the Commonwealth of Georgia, with its principal place of business located at 436 Walnut Street, Philadelphia, PA 19106, and, at all times relevant herein, was duly authorized to issue insurance policies in the State of New Jersey.

2. At all times relevant herein, DC Plastics, Inc. was the owner and/or occupier of the several buildings located at 70-86 Hobart Street, Bayonne, New Jersey ("the Premises").

3. DC Plastics, Inc. was insured through a policy of insurance issued by Plaintiff, policy number D37394129001, which insured it against, *inter alia*, damages to real and personal property, as well as loss of business income and extra expense.

4. Defendant Carlos G. Sanmartin is an adult individual residing at 584 Adams Avenue, Elizabeth, New Jersey, and at all times relevant hereto was acting as a roofing contractor. At all times relevant hereto, Defendant Sanmartin may have been operating his business under the name Sanmartin Construction Co. or Sanmartin Construction Limited Liability Company.

## II. JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked under 28 U.S.C. §1332 as plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum of Seventy-five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is properly made in this District pursuant to 28 U.S.C. §1391.

## III. FACTUAL ALLEGATIONS

7. In or about 2009, DC Plastics, Inc. hired the defendant to install a new roof on building number 4.

8. On or about October 29, 2012, the roof failed, causing significant damage to the contents inside building no. 4, as well as causing damage to the roofs for buildings nos. 2 and 3.

9. Building No. 4's roof failed due to numerous installation errors committed by the defendant.

10. The failure of building no. 4's roof caused extensive damage to the contents of building no. 4 and to the roofs of building nos. 2 and 3, as well as caused DC Plastics to suffer significant business income losses and incur substantial extra expenses.

11. As a result of the roof failure referred to above, and pursuant to the aforesaid policy of insurance, Westchester Surplus Lines paid DC Plastics, Inc. the fair and reasonable cost of repairing and/or replacing the damaged real and personal property, as well as the business income loss and extra expenses incurred by DC Plastics Inc. on account of the failure of the roof of building no. 4.

12. As a result of said payments, plaintiff is both legally and equitably subrogated to any and all claims that DC Plastics, Inc. may have against the defendant.

## COUNT I
(Negligence)

13. Plaintiff incorporates by reference the averments in paragraphs 1 through 12 as though each were fully set forth at length herein.

14. The roof failure referred to above and consequent damage and destruction to DC Plastic Inc.'s real and personal was caused by the negligence, carelessness, gross negligence and negligent omissions of the defendant, its agents, servants and/or employees in

   a). failing to properly secure the roof base sheet;

   b). failing to torch down the modified bitumen roof membrane to the base sheet; and

   c). failing to attach the proper metal edge to the building's roof system.

15. By reason of the aforesaid negligence, carelessness, gross negligence and negligent omissions of Fluidmaster, the roof failure referred to above took place and resulted in damage and destruction to DC Plastics, Inc.'s real and personal property, and caused them to suffer business income loss and extra expenses.

WHEREFORE, plaintiff Westchester Surplus Lines, Inc. demands judgment against the defendant Carlos G. Sanmartin, a/k/a Sanmartin Construction Co. and/or Sanmartin Construction

Limited Liability Company, in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## COUNT II
(Breach of Contract)

16. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 15 as though each were fully set forth at length herein.

17. Pursuant to the oral contract referred to above, the defendant was contractually obligated to install the roof in a workman-like manner, and in accordance with accepted industry standards.

18. The defendant breached its contract by:

   a). failing to properly secure the roof base sheet;

   b). failing to torch down the modified bitumen roof membrane to the base sheet; and

   c). failing to attached the proper metal edge to the building's roof system.

19. The damages sustained by DC Plastics, Inc. were caused by the defendant's aforesaid breaches of contract.

20. Upon discovery of the aforesaid breaches of warranties and resulting loss, plaintiff gave prompt and reasonable notice to defendant, but defendant has refused to reimburse plaintiff for the aforementioned damage.

21. By reason of the aforesaid breaches of contract, the roof failure referred to above occurred and resulted in damage and destruction to DC Plastic Inc.'s property and a loss of its use.

WHEREFORE, plaintiff Westchester Surplus Lines, Inc. demands judgment against the defendant Carlos G Sanmartin, a/k/a Sanmartin Construction Co. and/or Sanmartin Construction

Limited Liability Company, in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

## COUNT III
(Breach of Warranty)

22. Plaintiff incorporates by reference herein the averments in paragraphs 1 through 21 as though each were fully set forth at length herein.

23. Pursuant to the oral contract referred to above, the defendant impliedly warranted that it would install the roof in a workman-like manner, and in accordance with accepted industry standards and applicable codes.

24. The defendant breached these warranties by:

    a). failing to properly secure the roof base sheet;

    b). failing to torch down the modified bitumen roof membrane to the base sheet; and

    c). failing to attached the proper metal edge to the building's roof system.

25. The damages sustained by DC Plastics, Inc. were caused by the defendant's aforesaid breaches of warranties.

26. Upon discovery of the aforesaid breaches of warranties and resulting loss, plaintiff gave prompt and reasonable notice to defendant, but defendant has refused to reimburse plaintiff for the aforementioned damage.

27. By reason of the aforesaid breaches of warranties, the roof failure referred to above occurred and resulted in damage and destruction to DC Plastic Inc.'s property and a loss of its use.

WHEREFORE, plaintiff Westchester Surplus Lines, Inc. demands judgment against the defendant Carlos G. Sanmartin, a/k/a Sanmartin Construction Co. and/or Sanmartin Construction Limited Liability Company, in an amount to be determined at trial for compensatory damages, delay damages, costs of this action and for such further relief as the Court may deem appropriate.

Dated:  September 16, 2013

Respectfully submitted,

COZEN O'CONNOR

By:   s/Matthew F. Noone
Matthew F. Noone
457 Haddonfield Road
Cherry Hill, NJ 08002
(856)910-5000 (phone)
(856)910-5075 (fax)
mnoone@cozen.com;

Attorneys for Plaintiff